UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| LEONARD C. JEFFERSON,<br>Plaintiff,<br><br>v.<br><br>DAVID PICCIRILLO, Nurse at Rhode Island's<br>Adult Correctional Institution; DR. BANSAL &<br>DR. BLANCHETTE, Treating Physicians at the<br>Adult Correctional Institution; DR. FRED VOHR,<br>Medical Program Director at The Adult<br>Correctional Institution; and ASHBEL T. WALL,<br>Director of Rhode Island Department of<br>Corrections,<br>Defendants. | Case No. 14-475-M-LDA |

## ORDER

The Defendants in this case ask the Court to enforce a settlement they reached with the Plaintiff over his civil rights and medical malpractice lawsuit.

Mr. Leonard C. Jefferson brought claims for cruel and unusual punishment in violation of the Eighth Amendment of the U.S. Constitution against all Defendants based on the allegedly inadequate medical attention he received while incarcerated at the Rhode Island Department of Corrections (RIDOC) Adult Corrections Institution (ACI) Maximum Security Facility and on the allegedly inadequate clothing issued to inmates at the ACI. Mr. Jefferson suffered from a series of urinary tract infections, recurring discomfort relating to phlegm in his throat and lungs, and medical conditions relating to his ears, which were allegedly exacerbated when Defendant David Piccirillo, a nurse at the ACI, poked a hole in his eardrum. In his Complaint, Mr. Jefferson requested declaratory relief against all Defendants; injunctive relief preventing Nurse Piccirillo and Dr. Edward A. Blanchette from further involvement with his medical services, and requiring the

1

RIDOC to provide Mr. Jefferson with care from a "qualified non-D.O.C. specialist"; and compensatory damages for $50,000, for Mr. Jefferson's alleged pain and emotional injuries.

The parties to this dispute settled this case pursuant to a mediation held on April 15, 2015, lasting the entire day at ACI. This Court appointed Berry Mitchell, the Court's Alternative Dispute Resolution Administrator, as the neutral mediator. (ECF No. 31). At the conclusion of the mediation, all parties or their counsel signed a "Term Sheet" that laid out the specific and definite terms of the agreement reached. (ECF No. 42-1). On April 17, 2015, the Defendants delivered a Stipulation of Dismissal and Release (ECF No. 48-2) to Mr. Jefferson, which he refused to sign, claiming there were ambiguities in the Term Sheet pertaining to whether he agreed to dismiss his claims with or without prejudice. Defendants, Drs. Edward A. Blanchette, Tej Bansal, and Fred H. Vohr filed a Motion to Enforce the Settlement Agreement. (ECF No. 42). The state defendants joined in the motion. (ECF No. 43). Mr. Jefferson objected, claiming that the settlement is not sufficiently definite to be enforceable because of latent ambiguities in the conditions of dismissal. (ECF No. 48-1).

The "Term Sheet" provides that Mr. Jefferson will be seen at least once by both a board certified otolaryngologist (ENT), and a board certified allergist, neither of whom will be in any way employed by the RIDOC, and whose services will be paid for by the Defendants. Additionally, the Defendants agree to be bound by the diagnoses and recommendations of these doctors and all prescriptions must be available through RIDOC's pharmacy formulary. The settlement further provides that Nurse Piccirillo will not perform any washing of Mr. Jefferson's ears and that the RIDOC will fully and in good faith take up the issue of inmate clothing at the ACI Maximum Security Facility. Finally, the terms provide that "Leonard C. Jefferson voluntarily agrees to dismiss all claims against all named Defendants. No money damages, attorney's fees or costs shall be paid by Defendants or by the Plaintiff." (ECF No. 42-1). Mr. Jefferson and all other parties or

2

their counsel signed this agreement on April 15, 2015, at the conclusion of the daylong mediation. The Stipulation of Dismissal and Release provide that "all Defendants are dismissed with prejudice and that this civil action is dismissed with prejudice." (ECF No. 48-2). Upon receiving the Release and Stipulation of Dismissal on April 17, 2015, Mr. Jefferson refused to sign either document. (ECF No. 42).

"A party to a settlement agreement may seek to enforce the agreement's terms when the other party reneges" by filing a motion for enforcement with the court. *Malave v. Carney Hospital*, 170 F.3d 217, 220 (1st Cir. 1999). A court may enforce a settlement agreement when the settlement collapses before the original suit is dismissed so long as all parties enter into the agreement willingly and voluntarily and the terms are "sufficiently definite as to be enforceable." *Eswarappa v. Shed Inc./Kid's Club*, 685 F.Supp.2d 229 (D. Mass. 2010). If there exists a "genuinely disputed question of material fact regarding the existence or terms of [the] agreement," a court "must take evidence to resolve the question" before enforcing the agreement. *Malave*, 170 F.3d at 220. A "genuinely disputed" question of material fact arises when the terms or existence of the agreement itself are in question, or the language of the terms is ambiguous. *Id.* at 220. A fact is "material" when it pertains to, among other things, the methods, and amounts of monetary distribution; the mutual releases of all parties; or the dismissal of the case with prejudice. *Hansen v. Rhode Island's Only 24 Hour Truck & Auto Plaza Inc.*, 962 F.Supp.2d 311, 315 (D. Mass. 2013).

Mr. Jefferson contends that the terms of the dismissal were ambiguous because the Term Sheet states only that Mr. Jefferson "voluntarily agrees to dismiss all claims against all named Defendants" while the Stipulation of Dismissal states that "all Defendants are dismissed *with prejudice*" and "this civil action is dismissed *with prejudice*" (ECF No. 48) (emphasis added). Mr. Jefferson claims that the discrepancy as to whether the dismissal is with or without prejudice creates a "genuinely disputed question of material fact" that precludes the court from summarily enforcing

3

the agreement. *Malave*, 170 F.3d at 220. Mr. Jefferson also contends that, without the right to pursue money damages, the Term Sheet becomes an illusory promise requiring that the RIDOC do what it was already constitutionally obligated to do – "provide medical care for those whom [the government] is punishing by incarceration." *Estelle v. Gambel*, 429 U.S. 97, 103 (1976).

Mr. Jefferson claims that, by signing the Stipulation of Dismissal and Release, he will be forced to "extinguish his *right to seek damages* from the Defendants for the yet-to-be-diagnosed injuries that [Mr. Jefferson] sustained from the hands of, and the environment maintained by the Defendants" (ECF No. 48-1) (emphasis added) – a right he allegedly intended to preserve when he signed the Term Sheet. However, the plain language of the Term Sheet extinguishes this right, as Mr. Jefferson explicitly agreed to dismiss all claims including his claim for money damages. The Term Sheet says, "[n]o money damages, attorney's fees or costs shall be paid by Defendants or by [Mr. Jefferson]." (ECF No. 48-2). A dismissal with prejudice bars a plaintiff from asserting the same cause of action against the same party at a later time and, as a result, forecloses the possibility of receiving money damages at a later time based on the same claim. Even though the Term Sheet does not specifically state that the dismissal is "with prejudice," the explicit terms of the agreement indicate that, by signing, Mr. Jefferson waived his right to money damages. This produces a result equivalent to a dismissal "with prejudice," and, therefore, there is no question of material fact for the Court to resolve.

Therefore, Mr. Jefferson's objection to the language of the Term Sheet is not based on a question of material fact, but rather on Mr. Jefferson's possible subjective misunderstanding that the Term Sheet was not a final agreement. A party's objection based merely on his "subjective belief that the agreement was not 'final'" will not bar enforcement of the settlement agreement where the objecting party has manifested his assent by signing the agreement. *Fidelity and Guar. Ins. Co. v. Star Equipment Corp.*, 541 F.3d 1, 6 (1st Cir. 2008) (quoting *Bandera v. City of Quincy*, 344 F.3d

4

47, 52 (1st Cir. 2003)(applying Massachusetts law)). Here, there exists a final, written version of the settlement agreement with clear, complete, and explicit terms that was voluntarily signed by all parties during the mediation. Thus there is no question of material fact as to the terms of the agreement, and it must be enforced.

Because there is no question of material fact relating to the terms of the settlement agreement that was signed by all parties during the mediation, and because this Court finds that all parties entered into the settlement agreement willingly and voluntarily and that the terms of the agreement are sufficiently defined, this Court orders enforcement of the agreement in accordance with the language on the Term Sheet, and GRANTS the Defendants' Motion to Enforce. (ECF No. 42 and 43).[1]

IT IS SO ORDERED.

_____
John J. McConnell, Jr.
United States District Judge

June 12, 2015

---

[1] Plaintiff has also filed a Motion for Appointment of Counsel. (ECF No. 46). There are no exceptional circumstances that would support an appointment of counsel and therefore the Motion is DENIED. *DesRosiers v. Moran*, 949 F.2d 15, 23 (1st Cir. 1991).